NICHOLAS APONTE         :
                          :
                          :   CIV. NO. 3:99CV847 (WWE)
    v.                  :
                          :
EDWARD ARRINGTON, ET AL   :
                          :

<u>DISCOVERY RULING: PLAINTIFF'S MOTION TO COMPEL [Doc. #125] and
PLAINTIFF'S MOTION FOR SANCTIONS [Doc. #127]</u>

I. <u>INTRODUCTION</u>

Pending is Plaintiff's Motion to Compel [Doc. #125] and
Motion for Sanctions [Doc. #127].  The Court heard oral argument
on September 8, 2008 and, after careful consideration,
Plaintiff's Motion to Compel [Doc. #125] is GRANTED in part and
DENIED in part and Plaintiff's Motion for Sanctions [Doc. #127]
is DENIED in accordance with this ruling.

The plaintiff brings this case under 42 U.S.C. Section 1983,
alleging that prison officials, after being warned by plaintiff,
failed to protect the plaintiff from an assault by another
inmate.  Plaintiff alleges that an officer witnessed the assault
and failed to intervene.  He also alleges that he did not receive
timely and proper medical care, causing unnecessary pain and
suffering.

<u>Standard of Review</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets
forth the scope and limitations of permissible discovery.
Parties may obtain discovery regarding any matter, not
privileged, that is relevant to the claim or defense of any

party.  For good cause, the court may order discovery of any
matter relevant to the subject matter involved in the action.
Relevant information need not be admissible at trial if the
discovery appears reasonably calculated to lead to the discovery
of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information
that is reasonably calculated to lead to the discovery of
admissible evidence is considered relevant for the purposes of
discovery. *See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d
1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit
Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).


Plaintiff's Motion to Compel [Doc. #125]

Plaintiff's Motion alleges that the defendants have failed
to cooperate in discovery by providing incomplete, ambiguous, and
misleading answers.

Plaintiff directs the Court to Interrogatory No. 11 as an
example of an "ambiguous and misleading answer."

Interrogatory No. 11 asks, "[W]hat are the full names of the
counselor/s who supervised and responded to inmate requests
for the protective custody unit at Hartford Correctional
Center between the dates of January 1996 and May 31, 1996."

By response dated July 21, 2000, the defendants answered
"Captain Angel Martinez.."  This response was verified by
Hartford Correctional Center ("HCC") Warden Peter Murphy.  On
January 3, 2002, the plaintiff took the deposition of Warden
Arrington, who was the HCC Warden in 1996.  During the
deposition, Warden Arrington testified that multiple individuals

at HCC could have responded to an inmate's request to be placed into protective custody between the dates of January, 1996 and May 31, 1996.  Upon receipt of this deposition transcript, by filing dated February 11, 2002, defense counsel supplemented the response to Interrogatory No. 11 to identify the names and addresses of officers who might have responded to an inmate request to be placed into protective custody.  The names disclosed included Daniel Davis.

On April 1, 2008, plaintiff inquired regarding the identity of the counselor and administrative Captain for HCC PC unit in the spring of 1996.  On April 8, 2008, defendants erroneously responded, "Captain Angel Martinez responded to inmate requests for protective custody at Hartford Correctional Center between January 1996 and May, 1996."  On May 5, 20908, plaintiff deposed Angel Martinez, who testified that he was not employed as HCC's Administrative Captain on the date of the incident but that Captain Daniel Davis was the Administrative Captain at HCC.

Mr. Aponte filed three pro se complaints before his counsel appeared.  Until the exchange of discovery, Aponte described the relevant defendant in his complaints as "his counselor."  Only after defendants identified Angel Martinez as the responsible person did Aponte name him specifically in his third amended complaint.

It is clear that plaintiff, both pro se and with counsel, identified and named Captain Angel Martinez based on information provided by the defendants.

To remedy plaintiff's reliance on defense counsel's repeated misidentification of Capt. Martinez as the relevant defendant, plaintiff proposed to defense counsel that Capt. Samuel Davis be named as a defendant in lieu of Capt. Martinez and asked that Capt. Davis waive any statute of limitation defenses. Defendants refused, although they did agree to reimburse plaintiff for the costs of deposing Capt. Martinez.

Plaintiff may make the appropriate motion to add or substitute Capt. Davis as a defendant. Having misidentified the captain on duty, the assistant attorney general cannot now claim that it is plaintiff's fault for naming the incorrect defendant. Defendant may preserve any objection by filing an objection to the motion add or substitute Capt. Davis when it is filed.

Plaintiff's Motion to Compel [Doc. #125] is **GRANTED** in part and **DENIED** in part.

The Court heard argument on September 13, 2001 regarding Inmate Ortiz's DOC records and ordered the Attorney General's Office to produce the disciplinary and threat assessment for Inmate Ortiz. Plaintiff acknowledges that defendant complied, but claims that the records produced were not sufficient to resolve the discovery dispute. Plaintiff is directed to specify within 10 days what he is seeking from inmate Oritz's file that has not already been produced by defendants. Defendants will respond or object within two weeks of the receipt of plaintiff's request.

<u>Motion for Sanctions [Doc. #127]</u>

Plaintiff asks that sanctions be imposed against defendants. Although the discovery practice in this case is complicated and extremely convoluted, there is no evidence that defendants' misrepresentations were intentional. Except for allowing plaintiff to amend his complaint to name the proper defendant, the Court does not find it appropriate to impose sanctions at this time. The motion for sanctions [Doc. #127] is **DENIED.**

However, if other responses to interrogatories require clarification or correction, defendants will do so within 14 days.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 10th day of December 2008.

/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE